UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONALD SAUNDERS, )<br>)<br>Defendant. ) | No. 4:20 CR 762 SEP / DDN |

### ORDER MODIFYING PRETRIAL RELEASE CONDITIONS

On February 16, 2021, defendant RONALD SAUNDERS came before the Court for a hearing on his conditions of pretrial release.  Defendant is charged by indictment in this Court with one count of production of child pornography, one count of receipt of child pornography, and one count of coercion and enticement of a minor.  He was arrested in the District of South Carolina on December 7, 2020.  An initial appearance and a detention hearing were held in that District.  On December 10, 2020, defendant was released on a secured Appearance Bond and an Order Setting Conditions of Release, entered by Magistrate Judge Mary Gordon Baker of that Court.  (Docs. 8, 9.)

The record contains a description of the government's case against defendant.  That description includes a lengthy period of time during which there were many contacts between defendant and the alleged real victim minor through the internet.  (Doc. 23 at 2-3.)  Defendant's counsel described for the record the substantial efforts to cooperate with local and federal investigators she and defendant made before the instant indictment was filed.

On February 5, 2021, this Court adopted the Appearance Bond and the Order Setting Conditions of Release.  (Doc. 22.)  Those conditions include, among others described

below, defendant Saunders submitting to home detention with electronic monitoring. That condition requires that defendant not leave his residence without approval of the supervising officer. The condition also requires that defendant give the supervising officer at least 72 hours advance notice of a request for permission to leave the residence. Defendant operates a real estate sales business that requires him to meet people and to show property, among other activities.

### Defendant's motion to modify conditions

On February 4, 2021, defendant moved for a modification of his conditions of release. This motion requested that the condition of home detention (with its 72 hour advance notice requirement for a request for permission to leave the residence) be modified to him being subject to a curfew of 7:30 a.m. to 8:00 p.m. Defendant argues this would allow him greater flexibility in being able to conduct business meetings on the short notice that a real estate business involves, while still being required to wear an electronic monitoring device. Defense counsel stated that the home detention condition has caused defendant to miss out on certain business opportunities. The record indicates that, since his pretrial release, defendant has not violated his conditions of release, including home detention. Nevertheless, being placed on curfew eliminates entirely the requirement that the supervising officer investigate and approve the legitimacy of the purpose for defendant's leaving his residence and it eliminates any requirement that the supervising officer even know of his leaving the residence; any such knowledge of his leaving and where he went would become strictly retrospective. In these circumstances, a curfew will not reasonably protect the community, especially the internet community, including the alleged real, minor victim in this case.

The Court has determined not to replace home detention with a curfew, as defendant requests, for the reasons set forth above. As the Pretrial Services Officer in this District suggests, while defendant has not caused any pretrial release condition violation report to

be filed, he has been released and subject to home detention supervision for only a short period of time.  (Doc. 23 at 5.)   Defendant may move again for this modification after another six months have passed.

Nevertheless, the Court will shorten the period of time from 72 hours to 48 hours as the notice lead time for defendant to request an opportunity to leave his residence to conduct his real estate business.  The Court still invests in the supervising officers (in the District of South Carolina, the United States Probation Officer assigned to supervise defendant's pretrial release; and in this District, the Pretrial Services Officer assigned to defendant) the full authority to approve or disapprove each of defendant's departures from his residence.  Therefore, it will benefit defendant to continue to give the longer period of notice, because that will facilitate the officer's due diligence investigation to determine whether the request should be approved.  But if defendant has a business opportunity that presents itself sooner than the 72 hours will allow, but not less than 48 hours, the supervising officer can still conduct the required investigation in a reasonable manner to approve or not approve the request.

### Pretrial Services Office's recommended modifications of conditions

The Pretrial Services Office in this District recommends that defendant's conditions of release be modified in several other respects.  (Doc. 23.)  The first modification relates to illicit drug and alcohol use.  It is not disputed that defendant does not have an alcoholism or drug abuse problem.  Therefore, as recommended, the Court removes the conditions that defendant submit to testing for the use of a controlled substance and that defendant participate in drug abuse therapy.  There being no objection from defendant or the government, that recommendation is approved.

It is recommended that the condition that defendant not use alcohol excessively be modified to no use of alcohol at all.  The Court declines to follow that recommendation because it is not reasonably related to a beneficial purpose in this case, *e.g.*, to avoid

interference with drug testing and therapy. However, consuming alcohol to excess, becoming intoxicated, may unreasonably burden the supervising officers with having to take added personal safety precautions when dealing with defendant who might have become intoxicated. Thus, the condition that defendant not drink alcohol to excess will remain.

The third recommendation is that defendant submit to the following:

> Participate in specialized treatment and/or mental health treatment as deemed appropriate. Sign a release of information form for treatment services and while on pretrial release in this matter, and refrain from revoking this authorization.

Defendant does not object to participating in this treatment and therapy, but objects to being required to sign a confidentiality release form so that this information may be shared with the Pretrial Services Office. The Court overrules this objection for two reasons. First, the Bail Reform Act and the regulations promulgated pursuant to it, provide for the confidentiality of such information learned by the Pretrial Services Office. *See* 18 U.S.C. § 3153(c). Second, in a case of this nature where the grand jury found probable cause to believe defendant committed the charged offenses, the Court is unwilling to foreclose a source of information that may substantially impact the safety of the community. This recommended condition is ordered.

Next, the Pretrial Services Officer recommends that the following condition be added:

> Refrain from visiting locations which typically provide activities for minor children, including but limited to schools, public pools, parks, science centers, children's museums, the zoo, recreation centers, or any other location where children congregate.

Through counsel, defendant agrees to the addition of this condition. The addition of this condition is ordered.

Next, the Pretrial Services Officer recommends the following condition be removed:

> Have no access to the Internet or computers which communicate with another computer without the approval of the United States Probation Officer.

and replaced with:

> If computer or other internet accessible device is in a shared residence, the device must be password protected to assure the defendant has no access to the internet, or otherwise be made in accessible to the defendant.
>
> No access to instant messaging, chat rooms, or chat programs through WiFi, or otherwise. Refrain from maintaining or accessing any social networking accounts or peer to peer file sharing sites or programs.

Defendant objects to this modification because it will greatly reduce his ability to operate his real estate business. Defense counsel stated that the current condition, quoted above, both protects the public and allows defendant reasonable opportunity to operate his business. The Court overrules the objection. However, the Court keeps the current general condition that requires that the supervising officer must approve any manner in which defendant has access to the internet. The Court adds the condition that defendant's use of the internet be only for the conduct of his real estate business. It modifies the current condition that defendant not possess any pornography to include defendant not viewing any pornography. It also modifies the recommended conditions to allow defendant access only to digital devices and applications that the supervising officer approves in advance only for defendant's reasonable use in his real estate business.

The Pretrial Services Officer recommends that the following condition be removed: "Provide detailed telephone and credit card records as directed by Pretrial Services." There being no objection to this recommendation, the Court orders the removal of this condition.

Finally, the following condition is recommended:

> Register under provisions of the state sex offender registration requirements in any state where the defendant resides, is employed, carries on a vocation or is a student, as directed by the Pretrial Services Office.

Defendant objects to this condition, because it is currently irrelevant at this pretrial stage of the case.  The Court is inclined not to add a condition of release that is currently irrelevant and, if it becomes relevant, its observance is already included in the condition that defendant not violate any federal, state, or local law.  This condition is not ordered.

Therefore,

**IT IS HEREBY ORDERED** that the motion of defendant to modify his conditions of release (Doc. 21) **is denied, except that defendant may give notice 48 hours in advance of a need to depart his residence, as described above.**

**IT IS FURTHER ORDERED** that the following conditions are removed:

(a)     Defendant submit to testing for the use of a controlled substance and participate in drug abuse therapy;

(b)      Defendant provide detailed telephone and credit card records as directed by the supervising officer; and

(c)     Register under provisions of the state sex offender registration requirements in any state where the defendant resides, is employed, carries on a vocation or is a student, as directed by the Pretrial Services Office.

**IT IF FURTHER ORDERED** that the following conditions are added:

(1)     Defendant must participate in specialized treatment and/or mental health treatment as deemed appropriate.  Defendant must sign a release of information form for treatment services and refrain from revoking this authorization;

(2)     Defendant must refrain from visiting locations which typically provide activities for minor children, including but not limited to schools, public pools, parks, science centers, children's museums, the zoo, recreation centers, or any other location where children congregate;

(3) Defendant must have no access to the internet or digital devices, including computers, which communicate with another digital device, without the approval of the supervising officer. If a computer or other internet accessible device is in a shared residence and is used by someone other than defendant, the device must be password protected to assure the defendant has no access to the internet on it, or otherwise be made in accessible to the defendant;

(4) Defendant must have no access to instant messaging, chat rooms, or chat programs through WiFi, any social networking accounts, or peer to peer file sharing sites or programs; and

(5) (3) and (4), next above, are subject to the following: Defendant may access digital devices and applications that the supervising officer approves in advance only for defendant's reasonable use in his real estate business and use such devices only for the purpose of conducting his real estate business.

**IT IS FURTHER ORDERED** that defendant comply with all other conditions of pretrial release previously ordered.

_____/s/ David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 17, 2021.