**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

The UNITED STATES OF AMERICA    )
    )
    Plaintiff,    )
v.    )    Case No. 4:20cr762-SEP
    )
RONALD SAUNDERS,    )
    )
    Defendants.    )

## MEMORANDUM AND ORDER

Before the Court is the Government's Motion for Leave to File Under Seal, Doc. [84], filed pursuant to E.D. Mo. Local Rule 13.05(A)(4), which establishes procedures for filing sealed documents.  The Government requests leave to file its entire Response to Defendant's Motion for Relief re First Step Act, Doc. [83], under seal.   No response to the motion has been filed, and the deadline for doing so has passed.

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute.  *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978), and *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)).  "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'"  *IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted).  'The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'"  *Wishah v. City of Country Club Hills*, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599).  "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed."  *IDT Corp.*, 709 F.3d at 1223.  "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides *compelling* reasons for doing so."  *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)) (emphasis added).

1

The Government argues that its Response should be sealed because it contains "confidential medical records and information of the defendant." Doc. [85] at 1. In support, the Government cites a docket text order summarily granting a request to file a response to a motion for compassionate release under seal to protect a defendant's health information. *United States v. Schaefer*, No. 4:08-CR-664 JAR, Doc. [140] (E.D. Mo. June 10, 2021). The Government further argues that "[b]ased on the nature of the information contained in the motion and its pervasive reference throughout . . . line-by-line redaction of the document is not practical . . . ." Doc. [87] at 2.[1] Attached to the memorandum regarding redaction are two letters discussing the victim's mental health, Doc. [87-1], but the body of the motion refers to only the Defendant's sensitive information.

The presence of health information does not necessarily justify sealing. *See e.g.*, *United States v. Boyd,* 2024 WL 4134242, at *2 (E.D. Mo. Sept. 10, 2024); *Woods v. City of St. Louis,* 2025 WL 40759, at *2 (E.D. Mo. Jan. 7, 2025); *United States v. Hamm*, 2021 WL 1561913 (E.D. Mo. Apr. 21, 2021); *United States v. Hughes*, 2022 WL 3700907, at *1 (E.D. Mo. Aug. 26, 2022). Because the mere presence of health information is the stated basis for sealing the response, the Government fails to overcome the presumption in favor of public access to the document. Protection of the identity and/or health information of the victim of Defendant's crime likely would overcome the presumption. *See, e.g.*, *Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.,* 478 U.S. 1, 9 n.2 (1986) ("The protection of victims of sex crimes from the trauma and embarrassment of public scrutiny may justify closing certain aspects of a criminal proceeding."). But that argument has not been made here, and it could conceivably justify sealing only a small portion of the Response. Similarly, to the extent that the attachments may contain information that *must* be redacted under Eastern District of Missouri Local Rules, such as social security numbers, the presence of such information would warrant only redactions, not sealing of the entire document. *See* E.D. Mo. L.R. 2.17.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Leave to File Under Seal, Doc. [84], is **DENIED without prejudice**.

---

[1] The middle of this sentence—replaced in this excerpt with an ellipsis—states that "the document contains numerous references to the defendant's cooperation." The Court suspects that phrase was inadvertently included in this motion. The Government's Response to Defendant's Motion for Compassionate Release, Doc. [83], contains no references to cooperation.

**IT IS FURTHER ORDERED** that the Government's Response to Defendant's Motion for Relief re First Step Act, Doc. [83], shall remain sealed for 14 days from the date of this Order to allow either party to appeal this ruling or file a meritorious motion for sealing in compliance with Eastern District of Missouri Local Rule 13.05.

**IT IS FURTHER ORDERED** that the Government shall review the Response and attachments for compliance with Eastern District of Missouri Local Rule 2.17 and file any necessary redactions no later than 14 days from the date of this Order.

**IT IS FINALLY ORDERED** that, absent any further filings, the Clerk's Office will unseal the Response, Doc. [83], and all attachments thereto, **effective August 24, 2026**.

Dated this 7th day of August, 2026.

_____

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3